UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELIODORO A. SILVA,<br><br>    Petitioner,<br><br>    v.<br><br>GIGI PATTERSON, Warden,<br><br>    Respondent. | No. 1:20-cv-01442-NONE-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS MIXED PETITION**<br><br>**[Doc. 10]**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 9, 2020, Petitioner filed a habeas petition challenging his 2016 conviction in Merced County Superior Court for multiple murders and kidnapping. On December 7, 2020, Respondent filed a motion to dismiss for failure to exhaust state remedies. (Doc. 10.) Petitioner did not file a reply. Because the petition is a mixed petition, the Court will recommend Respondent's motion to dismiss be GRANTED and Petitioner be DIRECTED to amend the petition to delete the unexhausted claims or request dismissal of the petition without prejudice so that Petitioner may return to state court to exhaust his state remedies.

///

1

**DISCUSSION**

A. <u>Preliminary Review of Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir. 2001).

B. <u>Exhaustion</u>

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66. In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim

2

> that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by* Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Petitioner raises thirteen claims in his petition. Respondent contends that claims 7 through 13 are unexhausted because Petitioner failed to properly present them to the California courts. As noted by Respondent, claims 7 through 13 were presented in state habeas proceedings following completion of direct appeal.

On April 10, 2020, Petitioner presented the unexhausted claims in a habeas petition filed in Merced County Superior Court. (Doc. 11-22.[1]) The claims were denied in a reasoned decision on May 13, 2020. (Doc. 11-23.)

On May 28, 2020, Petitioner raised the claims in a habeas petition to the California Court of Appeal, Fifth Appellate District (Fifth DCA). (Doc. 11-24.) On June 4, 2020, the court denied the petition as follows:

> The "Petition for Writ of Habeas Corpus," filed on May 28, 2020, is denied without prejudice. Petitioner has failed to provide a complete copy of the superior court order that denied his petition for writ of habeas corpus. Petitioner has failed to provide any of the pertinent records from his appeal with citations. [¶] This court notes that if petitioner files another petition for writ of habeas corpus in this court, that petition

---

[1] Citations are to ECF pagination.

3

> may incorporate by judicial notice the contents of this petition so that petitioner does not have to provide additional copies.

(Doc. 11-25.)

On June 25, 2020, Petitioner filed a second habeas petition in the Fifth DCA. (Doc. 11-26.) On July 2, 2020, the appellate court denied the petition as follows:

> The "Petition for Writ of Habeas Corpus," filed on June 25, 2020, is denied. Petitioner does not provide any of the pertinent records from his appeal. Petitioner does not provide a copy of the "original Spanish tape recording." The facts stated in the petition are not verified under penalty of perjury. (*Ex Parte Walpole* (1890) 84 Cal. 584.) The petition admits that it was prepared by an inmate from hearsay obtained from petitioner. This court notes that nothing in this order prevents petitioner from filing another petition in this court.

(Doc. 11-27.)

On July 22, 2020, Petitioner filed a third habeas petition in the Fifth DCA. (Doc. 11-28.) On July 30, 2020, the court denied the petition as follows:

> The "Petition for Writ of Habeas Corpus," filed on July 22, 2020, is denied. This court notes that nothing in this order would prevent petitioner from filing a new petition in which the facts are declared to be true under penalty of perjury by petitioner as required by *Ex Parte Walpole* (1890) 84 Cal. 584.

(Doc. 11-29.)

On August 11, 2020, Petitioner filed a petition for review in the California Supreme Court. (Doc. 11-30.) The petition was denied without comment on September 16, 2020. (Doc. 11-31.)

Respondent is correct that claims 7 through 13 remain unexhausted. As noted above, the Fifth DCA rejected the petitions for various procedural deficiencies. The third and final petition was denied because Petitioner failed to verify the petition as required under California law. Although Petitioner raised the claims to the California Supreme Court, the ruling by the California Supreme Court is limited to the procedural grounds identified by the court of appeal; it cannot be assumed that the higher court's rejection of the petition for discretionary review was on the merits. McQuown v. McCartney, 795 F.2d 807, 810 (9th Cir. 1986). In addition, Petitioner still has state remedies available to him. The Fifth DCA was clear that Petitioner could file a new petition curing the procedural deficiencies. (Doc. 11-29.) The instant petition is therefore a

mixed petition containing exhausted and unexhausted claims. Petitioner must be given the option of exhausting the unexhausted claims by returning to state court, or abandoning the claims and pursuing the remaining claims in this Court. Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005); see also Butler v. Long, 752 F.3d 1177, 1191 (9th Cir. 2014).

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss be granted, and Petitioner be directed to either amend the petition to delete the unexhausted claims or request dismissal of the petition without prejudice so he may return to state court to exhaust the unexhausted claims.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 14, 2021**              /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE