UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELIODORO A. SILVA,<br><br>            Petitioner,<br><br>     v.<br><br>GIGI PATTERSON, Warden,<br><br>            Respondent. | No. 1:20-cv-01442-NONE-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS<br><br>(Doc. Nos. 25, 27) |

Petitioner Heliodoro Silva is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising a total of 13 claims for federal habeas relief.  In December 2020, respondent Gigi Patterson moved to dismiss the habeas petition due to petitioner's alleged failure to first exhaust his claims 7 to 13 by first presenting them to the state's highest court for review.[1]  (Doc. No. at 1.)  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, the instant federal habeas petition was referred to a United States Magistrate Judge.

Petitioner failed to timely oppose respondent's motion to dismiss his claims 7 to 13 before the findings and recommendations were issued in January 2021.  (Doc. No. 13.)  In the findings and recommendations, the magistrate judge noted that while petitioner attempted to present his

---

[1] There are no disputes that petitioner's claims 1 to 6 have been properly exhausted in state court.

1

1  claims 7 to 13 in state court, the California Court of Appeal dismissed those claims on procedural
2  grounds.  (*Id.* at 3–4) (citing Doc. Nos. 11-25, 11-26, 11-27, 11-29, 11-31).  Because those claims
3  for relief were not denied on the merits, the magistrate judge found that petitioner had failed to
4  properly exhaust his state judicial remedies with respect to those claims before bringing this federal
5  habeas petition as require by § 2254(b)(1).  (*Id.* at 4–5.)

6  After the findings and recommendations were issued, respondent filed objections thereto,
7  as well as his untimely opposition to respondent's motion to dismiss.  (Doc. Nos. 14, 15.)
8  Because courts should "construe liberally the filings and motions of a *pro se* inmate in a civil
9  suit," *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010), the court has exercised its
10  discretion to consider petitioner's untimely opposition to the pending motion to dismiss.

11  In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the undersigned has
12  conducted a *de novo* review of the case and finds the pending findings and recommendations to
13  be supported by the record and proper analysis.  Petitioner's opposition and objections fail to
14  persuade the court otherwise.  Petitioner raises various unsubstantiated arguments—such as the
15  argument that the California Court of Appeal's denials of his state habeas petitions were an
16  attempt to "harass" him—and continues to insist, in a conclusory manner, that his state habeas
17  petitions as to claims 7 to 13 were denied on the merits by the state appellate court, even though
18  the language of those appellate orders refutes his argument.  (Doc. No. 15 at 2–3.)  Petitioner's
19  other arguments have been addressed by the magistrate judge and the California Court of Appeal.

20  The court must now turn to whether a certificate of appealability should be issued.  A
21  petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's
22  denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v.*
23  *Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  Courts should issue a certificate of
24  appealability only if "reasonable jurists could debate whether (or, for that matter, agree that) the
25  petition should have been resolved in a different manner or that the issues presented were
26  'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484
27  (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  In the present case, the
28  court finds that reasonable jurists would not find the court's determination that the petition should

be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly, the court ORDERS as follows:

1. The findings and recommendations issued on January 14, 2021, (Doc. No. 13), are ADOPTED;

2. Respondent's motion to dismiss petitioner's claims 7 to 13 (Doc. No. 10) is GRANTED; and

3. The matter is REFERRED back to the assigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 for further proceedings.

IT IS SO ORDERED.

Dated:  **April 1, 2021**               /s/ Dale A. Drozd
                                        UNITED STATES DISTRICT JUDGE