UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELIODORO A. SILVA,<br><br>  Petitioner,<br><br>  v.<br><br>GIGI PATTERSON, Warden,<br><br>  Respondent. | No. 1:20-cv-01442-NONE-JLT (HC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>[Doc. No. 19] |

Petitioner Heliodoro Silva is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition raises thirteen grounds for federal habeas relief that encompass alleged errors in jury instructions, ineffective assistance of counsel, and prosecutorial misconduct, among other issues in connections with petitioner's underlying criminal in state court.

On April 1, 2021, the court granted respondent's motion to dismiss claims 7 through 13 from the petition due to petitioner's failure to exhaust those claims by first presenting them to the state's highest court. (Doc. No. 25.) The court noted that the claims were rejected by the California Court of Appeal on procedural grounds, and that petitioner had failed to properly exhaust his state judicial remedies with respect to those claims before bringing his claims in this federal habeas action as required by 28 U.S.C. § 2254(b)(1).

/////

1

On April 19, 2021, petitioner filed a motion for reconsideration of the order dismissing claims 7 through 13. Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, and in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id*. Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, petitioner has failed to make the required showing to support the granting of a motion for reconsideration. Petitioner maintains that he exhausted his claims 7 through 13 by way of petition for review to the California Supreme Court. (Doc. No. 19 at 1–2.) He further argues that he has attempted to obtain the "original tape recordings" of his interrogation, but all attempts have been rejected or frustrated. (*Id*. at 2–4.) Petitioner contends he cannot satisfy the state court's requirement that he provide the tape recordings and therefore cannot meet the state's procedural requirements in order to exhaust his claims. (*Id*.) Petitioner's arguments are not persuasive. Petitioner's third and final habeas petition filed in the California Court of Appeal was denied because petitioner had failed to declare the facts to be true under penalty of perjury as required by *Ex Parte Walpole*, 84 Cal. 584 (1890). (Doc. No. 11-28.) The state appellate court noted that nothing would prevent petitioner from filing a new petition with the proper declaration.

Thereafter, petitioner filed a petition for review in the California Supreme Court, which denied the petition without comment. (Doc. No. 11-31.) The Supreme Court has held that "where the last reasoned opinion on the claim explicitly imposes a procedural default, it should be presumed that a later decision rejecting the claim did not silently disregard the bar and consider the merits." *Ylst v. Nunnemaker*, 501 U.S. 797, 798 (1991). Thus, petitioner's substantive claims remain unexhausted.

Petitioner also notes a request to hold the petition in abeyance pending a return to state court to exhaust his claims in state court. A district court has discretion to stay a mixed petition and allow the petitioner to return to state court to exhaust his state remedies. *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Calderon v. United States Dist. Court (Taylor)*, 134 F.3d 981, 987-88 (9th Cir.1998); *Greenawalt v. Stewart*, 105 F.3d 1268, 1274 (9th Cir.1997). However, the Supreme Court has held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Rhines*, 544 U.S. at 277. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. at 277. Here, nothing prevented petitioner from resubmitting his habeas petition in the California Court of Appeal, properly signed under penalty of perjury as instructed by that court. Petitioner's failure to do so does not constitute good cause.

**ORDER**

Accordingly, petitioner's motion for reconsideration (Doc. No. 19) is DENIED.

IT IS SO ORDERED.

Dated: **May 20, 2021**

UNITED STATES DISTRICT JUDGE