UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELIODORO A. SILVA,<br><br>        Petitioner,<br><br>   v.<br><br>GIGI PATTERSON, Warden,<br><br>        Respondent. | No. 1:20-cv-01442-NONE-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY PETITIONER'S MOTION FOR STAY**<br><br>**[Doc. 21]**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**DISCUSSION**

On October 9, 2020, Petitioner filed a habeas petition challenging his 2016 conviction in Merced County Superior Court for multiple murders and kidnapping. On December 7, 2020, Respondent filed a motion to dismiss for failure to exhaust state remedies. (Doc. 10.) On April 1, 2021, the Court granted Respondent's motion to dismiss claims 7 through 13 for failure to exhaust those claims by properly presenting them first to the California Supreme Court. (Doc. 25.)

On April 19, 2021, Petitioner filed a motion for reconsideration of the order dismissing

1

1  claims 7 through 13. (Doc. 19.) On May 20, 2021, the Court denied the motion for
2  reconsideration. (Doc. 20.)  The Court also denied Petitioner's request to hold the petition in
3  abeyance pending a return to state court to exhaust those claims.  The Court noted it had
4  discretion to stay a mixed petition under Rhines v. Weber, 544 U.S. 269, 277 (2005), but that
5  Petitioner had failed to show good cause for a stay.  Specifically, the Court noted that "nothing
6  prevented petitioner from resubmitting his habeas petition in the California Court of Appeal,
7  properly signed under penalty of perjury as instructed by that court." (Doc. 20 at 3.)

8       On May 24, 2021, Petitioner filed the instant motion for stay.  (Doc. 21.)  In support of his
9  motion, Petitioner contends he has not engaged in abusive litigation tactics or intentional delay,
10 and his claims are not plainly meritless.  Petitioner's arguments were already addressed by the
11 Court in its May 20, 2021, order. (Doc. 20.)  As noted above, the Court did not find good cause
12 for a stay.  Petitioner had been given ample notice by the state courts of the procedural deficiency
13 of his state habeas petitions.  In denying the second habeas petition in the appellate court,
14 Petitioner was specifically advised: "The facts stated in the petition are not verified under penalty
15 of perjury. (*Ex Parte Walpole* (1890) 84 Cal. 584.)"  (Lodged Doc. 23.)  In denying the third
16 habeas petition in the appellate court, the court again advised Petitioner of the procedural
17 deficiency, explicitly stating: "This court notes that nothing in this order would prevent petitioner
18 from filing a new petition in which the facts are declared to be true under penalty of perjury by
19 petitioner as required by *Ex Parte Walpole* (1890) 84 Cal. 584."  (Lodged Doc. 25.)  For the same
20 reasons set forth by the District Court in its May 20, 2021 order (Doc. 20.), Petitioner's motion
21 for stay should be denied.

**RECOMMENDATION**

23     Accordingly, the Court RECOMMENDS that Petitioner's motion for stay (Doc. 21) be
24 denied.

25     This Findings and Recommendation is submitted to the United States District Court Judge
26 assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304
27 of the Local Rules of Practice for the United States District Court, Eastern District of California.
28 Within twenty-one (21) days after being served with a copy, any party may file written objections

with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 21, 2021**                             /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE